**In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.**

**MDL No. 381.**

United States District Court, E. D. New York.

Nov. 14, 1980.

Victor J. Yannacone, Jr., Yannacone & Yannacone, Patchogue, N. Y., Schlegel & Trafelet, Ltd., L. Steven Platt, Daniel C. Sullivan, Sullivan Associates, Ltd., Chicago, Ill., Hy Mayerson, Spring City, Pa., Dorothy Thompson, Los Angeles, Cal., W. T. McMillan, W. T. McMillan & Co., associated counsel for Australian plaintiffs, Brisbane, Queensland, Australia, Jerry G. Wieslander, Frank G. Wieslander, Altoona, Iowa, Lewis A. Royal, Samuel Zelden, Des Moines, Iowa, David Jaroslawicz, New York City, Newton B. Schwartz, P. C., Benton Musslewhite, Inc., Houston, Tex., Melvin Block, Brooklyn, N. Y., Marshall A. Bernstein, Bernstein, Bernstein & Harrison, Philadelphia, Pa., Louis B. Merhige, New Orleans, La., Dennis M. O'Malley, Grant & Artesani, Boston, Mass., David C. Anson, Deconcini, McDonald, Brammer, Yetwin & Lacy, Tucson, Ariz., Phillip E. Brown, Hoberg, Finger, Brown, Cox & Molliga, San Francisco, Cal., Leslie Hulnick, Wichita, Kan., Sidney W. Gilreath, Knoxville, Tenn., Stephen J. Cavanaugh, Bellaire, Tex., Robert P. Schuster, Spence, Moriarty & Schuster, Jackson, Wyo., Alton C. Todd, Brown & Todd, Alvin, Tex., Jules B. Olsman, Southfield, Mich., Gerald J. Adler, Crow, Lytle, Gilwee, Donoghue, Adler & Weninger, Sacramento, Cal., Jack E. London, Miami, Fla., David J. Ghilardi, Madison, Wis., Dante Mattioni, Philadelphia, Pa., Elgin L. Crull, Louisville, Ky., Charles J. Traylor, Grand Junction, Colo., Victor L. Marcello, Talbot, Sotile, Carmouche, Waquespach & Marchand, Donaldsonville, La., Janet T. Phillips, Rodgers, Monsley, Woodbury & Berggreen, Las Vegas, Nev., William G. Morgan, William A. Cohan, Denver, Colo., William J. Risner, Tucson, Ariz., James L. Witzel, McKelvey, Cottom & Witzel, East Lansing, Mich., Robert I. P. Pasternak, Jane R. Kaplan, Berkeley, Cal., Norton Frickey, William D. Nelsch, Denver, Colo., Robert C. Huntley, Jr., Racine, Huntley & Olson, Pocatello, Idaho, Jacque B. Pucheu, Pucheu & Pucheu, Eunice, La., Jeffrey M. Stopford, Litvin, Blumberg, Matusow & Young, Philadelphia, Pa., Joseph D. Jamail, Jamail & Kolius, Houston, Tex., Leonard W. Schroeter, J. Kathleen Learned, Schroeter, Goldmark & Bender, P. S., Seattle, Wash., Bennett, DiFilippo, Davison, Henfling & Alessi, East Aurora, N. Y., James A. George, George & George, Baton Rouge, La., James F. Green and Robert A. Taylor, Jr., Ashcraft & Gerel, Washington, D. C., Arden C. McClelland, McClelland Law Offices, Missoula, Mont., Dennis B. Francis, Gillenwater, Whelchel & Nichol, Knoxville, Tenn., Daniel E. Becnel, Jr., Becnel & Faucheux, Reserve, La., Don S. Willner, Willner, Bennett, Bobbitt & Hartman, Portland, Or., John E. Sutter, Peter T. Nicholl, Ashcraft & Gerel, Baltimore, Md., John J. Lowrey, Chicago, Ill.,

Donald H. Dawson, Harvey, Kruse & Westen, P. C., Detroit, Mich., Jonathan N. Garver, Cleveland, Ohio, Kenneth N. Molberg, Dallas, Tex., Russell L. Cook, Jr., Fisher, Roch & Gallagher, Houston, Tex., Irwin E. Schermer, Schermer, Schwappach, Borkon & Ramstead, Minneapolis, Minn., David D. Noel, Jenkins & Jenkins, Knoxville, Tenn., Thomas E. Allen, Curtis, Crossen, Hensley, Allen, Curtis & Altman, St. Louis, Mo., Phil M. Cartmell, Jr., Gage & Tucker, Kansas City, Mo., Wayne B. Harbarger, III, Littlefield, McDermand & Harbarger, Sacramento, Cal., William T. Jorden, Erie, Pa., Devine & Morris, Atlanta, Ga., Byron N. Fox and Gary K. Hoffman, Brown & Fox, Kansas City, Mo., Ernest L. Caulfield, New Orleans, La., Thomas E. Connolly, Schneider, Reilly, Zabin, Connolly & Costello, P. C., Boston, Mass., Gary W. Anderson, Erler, Taylor & Anderson, Louisville, Ky., Caenen & Niederhauser, Mission, Kan., John T. Golden, Robert F. Stein and William J. Stradley, Stradley, Barnett & Stein, Houston, Tex., Douglass D. Hearne & Associates, Austin, Tex., Lawrence M. Ludwig and Kirby G. Upright, Scranton, Pa., John F. Vecchio, Brenda S. Jenkins, Werner & Rusk, Houston, Tex., Richard R. Ravreby, Ravreby & Connolly, Carlsbad, Cal., Robert A. McNess and Robert W. Knolton, Layton & McNees, P. C., Oak Ridge, Tenn., Henry E. Weil and Ronald S. Canter, Belli, Weil & Jacobs, Rockville, Md., Epstein & Kesselman, Synchef & Synchef, Chicago, Ill., John R. Mitchell and Jay M. Potter, Law Offices of John R. Mitchell, Charleston, W. Va., Richard C. McLean, Denver, Colo., Carlton T. Wynn, Hare, Wynn, Newell & Newton, Birmingham, Ala., Owen J. Bradley, New Orleans, La., for plaintiffs.

Leonard L. Rivkin, Rivkin, Leff & Sherman, Garden City, N. Y., for Dow Chemical.

Morton B. Silberman, Clark, Gagliardi & Miller, White Plains, N. Y., Baker & McKenzie, Chicago, Ill., for Thompson-Hayward.

Wendell B. Alcorn, Jr., Cadwalader, Wickersham & Taft, New York City, for Diamond Shamrock.

Townley & Updike, New York City, for Monsanto.

Joan Bernott, Dept. of Justice, Washington, D. C., for third-party defendant U. S.

Roy L. Reardon, James P. Barrett and Michael V. Corrigan, Simpson, Thacher & Bartlett, New York City, for Ansul Co.

Damien T. Wren, Lewis, Overbeck & Furman, Chicago, Ill., for Riverdale Chemical Co.

Lawrence D. Lenihan, Thomas B. Kinzler and Alfred H. Hemingway, Jr., Arthur, Dry & Kalish, P. C., New York City, for Uniroyal.

Bud Holman and William Krohley, Kelley, Drye & Warren, New York City, for Hercules, Inc.

William H. Sanders, William A. Lynch and Paul G. Lane, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for N. A. Phillips.

John M. Fitzpatrick, Dilworth, Paxson, Kalish, Lelvy & Kauffman, Philadelphia, Pa., for Hooker Chemical Co.

Les J. Weinstein, McKenna & Fitting, New York City, for Occidental Petroleum Co.

GEORGE C. PRATT, District Judge.

Three motions were considered by the court on November 5, 1980: (1) a motion by four plaintiffs to vacate the court's October 1, 1980 order exempting Thompson-Hayward's litigation retrieval system from discovery; (2) Dow's motion for a protective order to protect certain confidential documents; and (3) plaintiffs' motion for relief from the problems associated with being required to file individual "Form 95" notice of claim forms with the United States government to preserve each plaintiff's right to sue the government under the Federal Torts Claims Act.

At the argument of the motions the court was informed that the motion to vacate the court's October 1, 1980 order was being withdrawn by stipulation between the parties. The court then ruled on Dow's motion for a protective order from the bench, deny-

ing the motion and directing all counsel, and anyone interested in the handling of confidential documents, to meet on December 3, 1980 at 10:00 a. m. and agree on a method for handling confidential documents. The parties shall report in writing to the court on the procedures agreed to by December 8, 1980.

*Notice of Claim Problems*

Plaintiffs' motion seeks to circumvent the procedural rules that require any person seeking to sue the United States government under the Federal Tort Claims Act to present his claim against the government "in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). This notice is commonly made on a document known as Form 95 which is styled "Claim for Damage, Injury, or Death".

Plaintiffs argue that strict application of this rule would require all 2.4 million veterans (and members of their families) who are potential plaintiffs against the government to file separate Form 95s in order to protect their rights, and that many potentially valid claims against the government may be unfairly barred if potential plaintiffs must file individual claim forms because many people do not know that their right of recovery against the government may be cut off if a notice of claim form is not timely filed with the government, and many others with potential claims against the government may as yet be unaware that their medical problems may be the result of exposure to Agent Orange.

Plaintiffs argue that a speedy solution is necessary because the deadline for filing Form 95 may expire as soon as January 8, 1981 in many cases. Plaintiffs suggest a number of possible solutions that would circumvent this potential problem, including having the court (1) order the government to accept the filing of a single notice of claim for all persons with potential claims against the government for Agent Orange injuries; (2) permit amendment of the Fourth Amended Verified Complaint to allow all plaintiffs to assert a claim against the government, declare a class action as to those claims, and somehow toll the running of the two year period for the filing of Form 95 under § 2401(b); or (3) direct the Veterans Administration to notify each Vietnam veteran of the existence of this action and the specific procedures each potentially affected person must comply with in order to preserve their right to sue the government under the FTCA.

◼ While the administrative claim requirement may work a potential injustice in this case and the purpose of the rule (to give the government an opportunity to adjust the claims prior to the commencement of an action) seems remote from the government's stated position on Agent Orange claims, the court is nevertheless bound by the statutory requirements for a notice of each claim. The United States government has waived its sovereign immunity conditionally, and, in actions under the FTCA, has consented to suit only when the statutory conditions of § 2401(b) have been satisfied. Moreover, failure to comply with § 2401(b) is jurisdictional, so the court may not even entertain an FTCA action unless and until the individual requirements of § 2401(b) are satisfied. *Rosario v. American Export-Isbrandtsen Lines, Inc.*, 531 F.2d 1227, 1231 (CA3 1976); *Commonwealth of Pennsylvania et al. v. National Association of Flood Insurors et al.*, 520 F.2d 11, 23 (CA3 1975); *Caton v. United States*, 495 F.2d 635, 637 (CA9 1974).

Accordingly, the court would be without jurisdiction to adjudicate any FTCA claim against the government by any plaintiff who does not file a notice of claim that complies with the requirements of 28 U.S.C. § 2401(b) and the court may neither repeal the statute, nor order the government to ignore the statutory requirements, nor toll the running of the two year period. Even if the Department of the Navy, the governmental agency charged with processing tort claims which arose in Vietnam, were inclined to do so, it is powerless to waive the requirements of § 2401(b) or extend the time to file, *House v. Mine Safety Appliances Co. et al.*, 573 F.2d 609, 617 (CA9 1978); *Caidin v. United States*, 564 F.2d

284, 286 (CA9 1977), so any court order requiring any such waiver would be at best ineffective, but perhaps worse, misleading to plaintiffs.

██ It is apparent that the notice of claim procedures and requirements are neither designed for nor well adapted to a situation like the case at bar for many reasons: the large number of claimants possible here, the uncertain scientific basis for the potential claims, the difficulty of determining the presence and nature of the injuries alleged, the uncertainty of knowing whether federal or state law principles will apply, and the often misleading media attention given to the scope of this action and the protections afforded potential claimants in this court. However poorly adapted the procedures may be, the court is bound by the statutory requirements for administrative review and is without authority to order the alternative procedures suggested by plaintiffs. Were the court empowered to rewrite the statute to suit the unusual circumstances here presented, the court might provide for a simplified procedure which would permit the filing of a single notice of claim in satisfaction of the administrative notice requirement for the claims of all potential plaintiffs against the government. But the court is not so empowered, and plaintiffs are thereby left to address their equitable arguments to Congress, the source of the burdensome requirements here attacked and the only body empowered to amend the statute.

The court being powerless to grant plaintiffs' motion, the motion must be denied.

SO ORDERED.