506 F.Supp. 757 (1980)
In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.
MDL No. 381.
United States District Court, E. D. New York.
November 14, 1980.
*758 Victor J. Yannacone, Jr., Yannacone & Yannacone, Patchogue, N. Y., Schlegel & Trafelet, Ltd., L. Steven Platt, Daniel C. Sullivan, Sullivan Associates, Ltd., Chicago, Ill., Hy Mayerson, Spring City, Pa., Dorothy Thompson, Los Angeles, Cal., W. T. McMillan, W. T. McMillan & Co., associated counsel for Australian plaintiffs, Brisbane, Queensland, Australia, Jerry G. Wieslander, Frank G. Wieslander, Altoona, Iowa, Lewis A. Royal, Samuel Zelden, Des Moines, Iowa, David Jaroslawicz, New York City, Newton B. Schwartz, P. C., Benton Musslewhite, Inc., Houston, Tex., Melvin Block, Brooklyn, N. Y., Marshall A. Bernstein, Bernstein, Bernstein & Harrison, Philadelphia, Pa., Louis B. Merhige, New Orleans, La., Dennis M. O'Malley, Grant & Artesani, Boston, Mass., David C. Anson, Deconcini, McDonald, Brammer, Yetwin & Lacy, Tucson, Ariz., Phillip E. Brown, Hoberg, Finger, Brown, Cox & Molliga, San Francisco, Cal., Leslie Hulnick, Wichita, Kan., Sidney W. Gilreath, Knoxville, Tenn., Stephen J. Cavanaugh, Bellaire, Tex., Robert P. Schuster, Spence, Moriarty & Schuster, Jackson, Wyo., Alton C. Todd, Brown & Todd, Alvin, Tex., Jules B. Olsman, Southfield, Mich., Gerald J. Adler, Crow, Lytle, Gilwee, Donoghue, Adler & Weninger, Sacramento, Cal., Jack E. London, Miami, Fla., David J. Ghilardi, Madison, Wis., Dante Mattioni, Philadelphia, Pa., Elgin L. Crull, Louisville, Ky., Charles J. Traylor, Grand Junction, Colo., Victor L. Marcello, Talbot, Sotile, Carmouche, Waquespach & Marchand, Donaldsonville, La., Janet T. Phillips, Rodgers, Monsley, Woodbury & Berggreen, Las Vegas, Nev., William G. Morgan, William A. Cohan, Denver, Colo., William J. Risner, Tucson, Ariz., James L. Witzel, McKelvey, Cottom & Witzel, East Lansing, Mich., Robert I. P. Pasternak, Jane R. Kaplan, Berkeley, Cal., Norton Frickey, William D. Nelsch, Denver, Colo., Robert C. Huntley, Jr., Racine, Huntley & Olson, Pocatello, Idaho, Jacque B. Pucheu, Pucheu & Pucheu, Eunice, La., Jeffrey M. Stopford, Litvin, Blumberg, Matusow & Young, Philadelphia, Pa., Joseph D. Jamail, Jamail & Kolius, Houston, Tex., Leonard W. Schroeter, J. Kathleen Learned, Schroeter, Goldmark & Bender, P. S., Seattle, Wash., Bennett, DiFilippo, Davison, Henfling & Alessi, East Aurora, N. Y., James A. George, George & George, Baton Rouge, La., James F. Green and Robert A. Taylor, Jr., Ashcraft & Gerel, Washington, D. C., Arden C. McClelland, McClelland Law Offices, Missoula, Mont., Dennis B. Francis, Gillenwater, Whelchel & Nichol, Knoxville, Tenn., Daniel E. Becnel, Jr., Becnel & Faucheux, Reserve, La., Don S. Willner, Willner, Bennett, Bobbitt & Hartman, Portland, Or., John E. Sutter, Peter T. Nicholl, Ashcraft & Gerel, Baltimore, Md., John J. Lowrey, Chicago, Ill., *759 Donald H. Dawson, Harvey, Kruse & Westen, P. C., Detroit, Mich., Jonathan N. Garver, Cleveland, Ohio, Kenneth N. Molberg, Dallas, Tex., Russell L. Cook, Jr., Fisher, Roch & Gallagher, Houston, Tex., Irwin E. Schermer, Schermer, Schwappach, Borkon & Ramstead, Minneapolis, Minn., David D. Noel, Jenkins & Jenkins, Knoxville, Tenn., Thomas E. Allen, Curtis, Crossen, Hensley, Allen, Curtis & Altman, St. Louis, Mo., Phil M. Cartmell, Jr., Gage & Tucker, Kansas City, Mo., Wayne B. Harbarger, III, Littlefield, McDermand & Harbarger, Sacramento, Cal., William T. Jorden, Erie, Pa., Devine & Morris, Atlanta, Ga., Byron N. Fox and Gary K. Hoffman, Brown & Fox, Kansas City, Mo., Ernest L. Caulfield, New Orleans, La., Thomas E. Connolly, Schneider, Reilly, Zabin, Connolly & Costello, P. C., Boston, Mass., Gary W. Anderson, Erler, Taylor & Anderson, Louisville, Ky., Caenen & Niederhauser, Mission, Kan., John T. Golden, Robert F. Stein and William J. Stradley, Stradley, Barnett & Stein, Houston, Tex., Douglass D. Hearne & Associates, Austin, Tex., Lawrence M. Ludwig and Kirby G. Upright, Scranton, Pa., John F. Vecchio, Brenda S. Jenkins, Werner & Rusk, Houston, Tex., Richard R. Ravreby, Ravreby & Connolly, Carlsbad, Cal., Robert A. McNess and Robert W. Knolton, Layton & McNees, P. C., Oak Ridge, Tenn., Henry E. Weil and Ronald S. Canter, Belli, Weil & Jacobs, Rockville, Md., Epstein & Kesselman, Synchef & Synchef, Chicago, Ill., John R. Mitchell and Jay M. Potter, Law Offices of John R. Mitchell, Charleston, W. Va., Richard C. McLean, Denver, Colo., Carlton T. Wynn, Hare, Wynn, Newell & Newton, Birmingham, Ala., Owen J. Bradley, New Orleans, La., for plaintiffs.
Leonard L. Rivkin, Rivkin, Leff & Sherman, Garden City, N. Y., for Dow Chemical.
Morton B. Silberman, Clark, Gagliardi & Miller, White Plains, N. Y., Baker & McKenzie, Chicago, Ill., for Thompson-Hayward.
Wendell B. Alcorn, Jr., Cadwalader, Wickersham & Taft, New York City, for Diamond Shamrock.
Townley & Updike, New York City, for Monsanto.
Joan Bernott, Dept. of Justice, Washington, D. C., for third-party defendant U. S.
Roy L. Reardon, James P. Barrett and Michael V. Corrigan, Simpson, Thacher & Bartlett, New York City, for Ansul Co.
Damien T. Wren, Lewis, Overbeck & Furman, Chicago, Ill., for Riverdale Chemical Co.
Lawrence D. Lenihan, Thomas B. Kinzler and Alfred H. Hemingway, Jr., Arthur, Dry & Kalish, P. C., New York City, for Uniroyal.
Bud Holman and William Krohley, Kelley, Drye & Warren, New York City, for Hercules, Inc.
William H. Sanders, William A. Lynch and Paul G. Lane, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for N. A. Phillips.
John M. Fitzpatrick, Dilworth, Paxson, Kalish, Lelvy & Kauffman, Philadelphia, Pa., for Hooker Chemical Co.
Les J. Weinstein, McKenna & Fitting, New York City, for Occidental Petroleum Co.
GEORGE C. PRATT, District Judge.
Three motions were considered by the court on November 5, 1980: (1) a motion by four plaintiffs to vacate the court's October 1, 1980 order exempting Thompson-Hayward's litigation retrieval system from discovery; (2) Dow's motion for a protective order to protect certain confidential documents; and (3) plaintiffs' motion for relief from the problems associated with being required to file individual "Form 95" notice of claim forms with the United States government to preserve each plaintiff's right to sue the government under the Federal Torts Claims Act.
At the argument of the motions the court was informed that the motion to vacate the court's October 1, 1980 order was being withdrawn by stipulation between the parties. The court then ruled on Dow's motion for a protective order from the bench, denying *760 the motion and directing all counsel, and anyone interested in the handling of confidential documents, to meet on December 3, 1980 at 10:00 a. m. and agree on a method for handling confidential documents. The parties shall report in writing to the court on the procedures agreed to by December 8, 1980.

Notice of Claim Problems
Plaintiffs' motion seeks to circumvent the procedural rules that require any person seeking to sue the United States government under the Federal Tort Claims Act to present his claim against the government "in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). This notice is commonly made on a document known as Form 95 which is styled "Claim for Damage, Injury, or Death".
Plaintiffs argue that strict application of this rule would require all 2.4 million veterans (and members of their families) who are potential plaintiffs against the government to file separate Form 95s in order to protect their rights, and that many potentially valid claims against the government may be unfairly barred if potential plaintiffs must file individual claim forms because many people do not know that their right of recovery against the government may be cut off if a notice of claim form is not timely filed with the government, and many others with potential claims against the government may as yet be unaware that their medical problems may be the result of exposure to Agent Orange.
Plaintiffs argue that a speedy solution is necessary because the deadline for filing Form 95 may expire as soon as January 8, 1981 in many cases. Plaintiffs suggest a number of possible solutions that would circumvent this potential problem, including having the court (1) order the government to accept the filing of a single notice of claim for all persons with potential claims against the government for Agent Orange injuries; (2) permit amendment of the Fourth Amended Verified Complaint to allow all plaintiffs to assert a claim against the government, declare a class action as to those claims, and somehow toll the running of the two year period for the filing of Form 95 under § 2401(b); or (3) direct the Veterans Administration to notify each Vietnam veteran of the existence of this action and the specific procedures each potentially affected person must comply with in order to preserve their right to sue the government under the FTCA.
While the administrative claim requirement may work a potential injustice in this case and the purpose of the rule (to give the government an opportunity to adjust the claims prior to the commencement of an action) seems remote from the government's stated position on Agent Orange claims, the court is nevertheless bound by the statutory requirements for a notice of each claim. The United States government has waived its sovereign immunity conditionally, and, in actions under the FTCA, has consented to suit only when the statutory conditions of § 2401(b) have been satisfied. Moreover, failure to comply with § 2401(b) is jurisdictional, so the court may not even entertain an FTCA action unless and until the individual requirements of § 2401(b) are satisfied. Rosario v. American Export-Isbrandtsen Lines, Inc., 531 F.2d 1227, 1231 (CA3 1976); Commonwealth of Pennsylvania et al. v. National Association of Flood Insurors et al., 520 F.2d 11, 23 (CA3 1975); Caton v. United States, 495 F.2d 635, 637 (CA9 1974).
Accordingly, the court would be without jurisdiction to adjudicate any FTCA claim against the government by any plaintiff who does not file a notice of claim that complies with the requirements of 28 U.S.C. § 2401(b) and the court may neither repeal the statute, nor order the government to ignore the statutory requirements, nor toll the running of the two year period. Even if the Department of the Navy, the governmental agency charged with processing tort claims which arose in Vietnam, were inclined to do so, it is powerless to waive the requirements of § 2401(b) or extend the time to file, House v. Mine Safety Appliances Co. et al., 573 F.2d 609, 617 (CA9 1978); Caidin v. United States, 564 F.2d *761 284, 286 (CA9 1977), so any court order requiring any such waiver would be at best ineffective, but perhaps worse, misleading to plaintiffs.
It is apparent that the notice of claim procedures and requirements are neither designed for nor well adapted to a situation like the case at bar for many reasons: the large number of claimants possible here, the uncertain scientific basis for the potential claims, the difficulty of determining the presence and nature of the injuries alleged, the uncertainty of knowing whether federal or state law principles will apply, and the often misleading media attention given to the scope of this action and the protections afforded potential claimants in this court. However poorly adapted the procedures may be, the court is bound by the statutory requirements for administrative review and is without authority to order the alternative procedures suggested by plaintiffs. Were the court empowered to rewrite the statute to suit the unusual circumstances here presented, the court might provide for a simplified procedure which would permit the filing of a single notice of claim in satisfaction of the administrative notice requirement for the claims of all potential plaintiffs against the government. But the court is not so empowered, and plaintiffs are thereby left to address their equitable arguments to Congress, the source of the burdensome requirements here attacked and the only body empowered to amend the statute.
The court being powerless to grant plaintiffs' motion, the motion must be denied.
SO ORDERED.

 In re AGENT ORANGE
 PRODUCT LIABILITY LITIGATION
 MDL #381 
 Listing of Cases
 Original
Docket No. Title Date filed in EDNY District
79 C 467 Dowd v. Dow Chemical 2/23/79[*] EDNY
79 C 525 Balzano v. Dow 3/1/79[*] EDNY
79 C 526 Curti v. Dow 3/1/79[*] EDNY
79 C 527 Claxton v. Dow 3/1/79[*] EDNY
79 C 528 Xirau v. Dow 3/1/79[*] EDNY
79 C 672 DeBoer v. Dow 3/13/79 EDNY
79 C 673 Fennessey v. Dow 3/13/79 EDNY
79 C 674 Oakes v. Dow 3/13/79 EDNY
79 C 675 Schulman v. Dow 3/13/79 EDNY
79 C 747 Ryan v. Dow 3/20/79 EDNY
79 C 748 Savio v. Dow 3/20/79 EDNY
79 C 922 Kahler v. Dow 4/9/79 EDNY
79 C 1194 Green v. Dow 5/14/79 ND Ill
79 C 1195 Chapman v. Dow 5/14/79 ND Ill
79 C 1196 Tiranti v. Dow 5/14/79 ND Ill
79 C 1197 Reutershan v. Dow 5/14/79 SDNY
79 C 1198 Skillings v. Dow 5/14/79 SDNY
79 C 1199 Steinberg v. Dow 5/14/79 SDNY
79 C 1200 Smith v. Dow 5/14/79 SDNY
79 C 1201 Jupin v. Dow 5/14/79 SDNY
79 C 2752 Hartz v. Dow 10/26/79 ED Pa
79 C 2846 Peteet v. Dow 11/8/79 ED Tex
79 C 3206 McNichol v. Dow 12/19/79 ED Pa
CV 80-0199 Wall v. Dow 1/28/80 ED La
CV 80-0200 Phaler v. Dow 1/28/80 SD Cal
CV 80-0201 Zardis v. Dow 1/28/80 D Mass
CV 80-0202 Commission for Veterans
 Rights v. Dow 1/28/80 CD Cal
CV 80-0203 Gill v. Dow 1/28/80 ND Ill
CV 80-0204 Racanelli v. Dow 1/28/80 D Ariz
CV 80-0275 Project Return v. Dow 2/6/80 D Ore
CV 80-0334 Welter v. Dow 2/14/80 ND Ill
CV 80-0335 Beverly v. Dow 2/14/80 ND Ill
CV 80-0336 Pond v. Dow 2/14/80 D Mass
CV 80-0418 Armistead v. Dow 2/25/80 EDNY
CV 80-0578 Onthank v. Dow 3/12/80 SD Iowa
CV 80-0689 Book v. Dow 3/25/80 ED Tenn
CV 80-0690 Murphy v. Dow 3/25/80 D Ariz
CV 80-0691 Nehmer v. Dow 3/25/80 ND Cal
CV 80-0692 Lapka v. Dow 3/25/80 D Kan
CV 80-0693 Alexander v. Dow 3/25/80 SD Tex
CV 80-0767 Giovingo v. Dow 3/27/80 SD Iowa
CV 80-0768 Pytel v. Dow 3/27/80 SD Iowa
CV 80-0769 Rinehart v. Dow 3/27/80 SD Iowa
CV 80-0770 Foreman v. Dow 3/27/80 SD Iowa
CV 80-0771 Boughn v. Dow 3/27/80 SD Iowa
CV 80-0772 Cooper v. Dow 3/27/80 SD Iowa
CV 80-0773 Haynes v. Dow 3/27/80 SD Iowa
CV 80-0774 Slight v. Dow 3/27/80 SD Iowa
CV 80-0775 Strait v. Dow 3/27/80 SD Iowa
CV 80-0776 Truckenmiller v. Dow 3/27/80 SD Iowa
CV 80-0777 Wagner v. Dow 3/27/80 SD Iowa
CV 80-0778 Wilhelm v. Dow 3/27/80 SD Iowa
CV 80-0991 Coffey v. Dow 4/14/80 WD Ky
CV 80-1143 McMillan v. Dow 4/28/80 EDNY
CV 80-1241 Elder v. Dow 5/5/80 Australia
CV 80-1271 Wachtendock v. Dow 5/8/80 WD Wisc
CV 80-1272 Wooster v. Dow 5/8/80 SD Tex
CV 80-1273 Watson v. Dow 5/8/80 ED Pa
CV 80-1274 Walker v. Dow 5/8/80 ED Pa
CV 80-1275 Anewishki v. Dow 5/8/80 ED Mich
CV 80-1276 Griffin v. Dow 5/8/80 WD Ky
CV 80-1277 Baird v. Dow 5/8/80 ED Cal
CV 80-1278 Moore v. Dow 5/8/80 ED Wisc
CV 80-1279 Fink v. Dow 5/8/80 D Colo
CV 80-1280 Leblanc v. Dow 5/8/80 MD La
CV 80-1281 Petrusha v. Dow 5/8/80 SD Fla
CV 80-1282 Watkins v. Dow 5/8/80 D Nev
CV 80-1335 Schelin v. Dow 5/15/80 D Ariz
CV 80-1336 Thomas v. Dow 5/15/80 D La
CV 80-1337 Hall v. Dow 5/15/80 WD Mich
CV 80-1338 Plavner v. Dow 5/15/80 ED Pa
CV 80-1339 Blake v. Dow 5/15/80 D Colo
CV 80-1340 Castle v. Dow 5/15/80 ED Wash

*762
 In re AGENT ORANGE
 PRODUCT LIABILITY LITIGATION
 MDL #381 
 Listing of Cases
 Original
Docket No. Title Date filed in EDNY District
CV 80-1492 Huckabay v. Dow 6/3/80 ND Cal
CV 80-1493 White v. Dow 6/3/80 ED Mich
CV 80-1494 Samora v. Dow 6/3/80 D Colo
CV 80-1495 Ginn v. Dow 6/3/80 SD Tex
CV 80-1496 Patrick v. Dow 6/3/80 WD Wash
CV 80-1497 Sweeney v. Dow 6/3/80 ED Mich
CV 80-1608 Johnston v. Dow 6/12/80 ED La
CV 80-1609 Thomas v. Dow 6/12/80 MD La
CV 80-1610 Whiddon v. Dow 6/12/80 MD La
CV 80-1611 Clemons v. Dow 6/12/80 WD NY
CV 80-1865 Brown v. Dow 7/7/80 MD La
CV 80-1866 Millis v. Dow 7/7/80 ED Tenn
CV 80-1867 Paterson v. Dow 7/7/80 D Colo
CV 80-1989 Lombardi v. Dow 7/21/80 D Md
CV 80-1990 Villella v. Dow 7/21/80 D Minn
CV 80-1991 Wiskus v. Dow 7/21/80 D Neb
CV 80-1992 Lester v. Dow 7/21/80 SD Tex
CV 80-2002 Brooks v. Dow 7/22/80 D DC
CV 80-2003 Avila v. Dow 7/22/80 ND Ill
CV 80-2004 Bogdan v. Dow 7/22/80 ED Mich
CV 80-2005 Bunko v. Dow 7/22/80 D Mont
CV 80-2006 Joyce v. Dow 7/22/80 ND Ohio
CV 80-2007 Koss v. Dow 7/22/80 ED Tenn
CV 80-2008 Poe v. Dow 7/22/80 ND Tex
CV 80-2009 Prichard v. Dow 7/22/80 SD Tex
CV 80-2010 Albert v. Dow 7/22/80 WD Wash
CV 80-2151 Crawford v. Dow 8/5/80 WD Mo
CV 80-2152 Schneider v. Dow 8/5/80 WD Wash
CV 80-2205 Currier v. Dow 8/12/80 D Minn
CV 80-2206 Singewald v. Dow 8/12/80 D Minn
CV 80-2207 Abeene v. Dow 8/12/80 SD Tex
CV 80-2267 Hamilton v. Dow 8/18/80 EDNY
CV 80-2280 Thornhill v. Dow 8/20/80 ED Tenn
CV 80-2281 Baer v. Dow 8/20/80 WD Pa
CV 80-2282 Kroner v. Dow 8/ /80 ED Mo
CV 80-2283 Kirby v. Dow 8/20/80 ED Tenn
CV 80-2284 Abbott v. Dow 8/20/80 D Md
CV 80-2285 Helm v. Dow 8/20/80 ED Cal
CV 80-2438 Jenkins v. Dow 9/8/80 ND Ga
CV 80-2439 Stokes v. Dow 9/8/80 WD Mo
CV 80-2440 Vietnam Veterans v. Dow 9/8/80 ED La
CV 80-2441 Morgan v. Dow 9/8/80 WD Tex
CV 80-2442 Kuykendall v. Dow 9/8/80 ED Tenn
CV 80-2443 Harris v. Dow 9/8/80 D Kan
CV 80-2532 Wilson v. Dow 9/15/80 SD Tex
CV 80-2533 Schwarzbach v. Dow 9/15/80 SD Tex
CV 80-2575 Alexander v. Dow 9/19/80 MD La
CV 80-2631 Deangelo v. Dow 9/24/80 D Md
CV 80-2632 Wilkens v. Dow 9/24/80 D Mass
CV 80-2633 Maples v. Dow 9/24/80 ED Tenn
CV 80-2634 Johnson v. Dow 9/24/80 ED Tenn
CV 80-2635 Kernea v. Dow 9/24/80 MD Tenn
CV 80-2796 Ridenour v. Dow 10/8/80 ED Tenn
CV 80-2797 Talbot v. Dow 10/8/80 SD Cal
CV 80-2798 McQuain v. Dow 10/8/80 D Colo
CV 80-2799 Chester v. Dow 10/8/80 WD Wash
CV 80-2800 Mushow v. Dow 10/8/80 MD Pa
CV 80-2801 Lester v. Dow 10/8/80 SD Tex
CV 80-2802 McInnis v. Hooker 10/8/80 ED Tex
CV 80-2905 McKay v. Dow 10/20/80 D Colo
CV 80-2906 Davis v. Dow 10/20/80 ND Ill
CV 80-2907 Deerman v. Dow 10/20/80 SD Tex
CV 80-2908 Whitt v. Dow 10/20/80 SD W Va
CV 80-2993 Spangenberger v. Dow 10/28/80 ED La
CV 80-2994 Brawley v. Dow 10/28/80 WD Pa
CV 80-2995 Pearce v. Dow 10/28/80 ND Ala
CV 80-2996 Taliaferro v. Dow 10/28/80 D Md
CV 80-2997 Gaither v. Dow 10/28/80 ND W Va
CV 80-3145 Estate of Adams v. Dow 11/13/80 ED La
CV 80-3146 Patton v. Dow 11/13/80 MD La
CV 80-3147 Horne v. Dow 11/13/80 ND Miss
CV 80-3148 Schweibinz v. Dow 11/13/80 ED Pa

NOTES
[*] Order for inclusion in MDL #381 filed in EDNY, 5/14/79.