Sunjia SOLOMON, Plaintiff,

v.

UNITED STATES of America, United States Post Office, Defendants.

No. CV–81–2054.

United States District Court,
E.D. New York.

Oct. 15, 1982.

Nicholas S. Carlisi, Island Park, N.Y., for plaintiff.

Edward R. Korman, U.S. Atty., E.D.N.Y., Winstanley F. Luke, Asst. U.S. Atty., Brooklyn, N.Y., for defendants.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

In this action plaintiff, Sunjia Solomon ("Solomon"), seeks to recover damages for injuries sustained as a result of a collision on or about December 24, 1978 between plaintiff's vehicle and a mail truck operated by an employee of the United States Postal Service (USPS). The defendants, the United States of America and USPS, have answered plaintiff's complaint and move pursuant to Rule 12(c), F.R.Civ.P., for judgment on the pleadings dismissing plaintiff's complaint for lack of jurisdiction in that Solomon failed to timely file her lawsuit after the Postal Service denied her administrative claim. For the reasons set forth below, the defendants' motion is granted in its entirety and the action is dismissed.

Prior to the commencement of the instant action, Solomon filed an administrative claim dated February 22, 1979 for $101,-500.00 with the USPS. The USPS denied plaintiff's claim on May 14, 1980 on the ground that the injuries suffered by plaintiff did not amount to a "serious injury" as defined by the New York No Fault Insurance Law, Section 8, Paragraph 4, effective December 1, 1977. Solomon was also informed that if she was dissatisfied with the agency's action on her claim, that she could file suit in the United States District Court no later than six months from the date of the denial letter. On May 23, 1980 and again on February 3, 1981 plaintiff's counsel sent letters to the USPS requesting an explanation of the final denial. On February 13, 1981, the USPS responded and reaffirmed the previous denial of the claim in light of the New York "No Fault" Statute and the New York Automobile Reparations Act.

Solomon commenced the instant action on June 25, 1981 seeking judgment against the USPS in the sum of one million dollars for injuries allegedly sustained. Additionally, plaintiff seeks $2,500, the alleged damage to her motor vehicle.

At the outset it is noted that the United States may not be sued without its consent. *Affiliated Ute Citizens of Utah v. United States,* 406 U.S. 128, 141, 92 S.Ct. 1456, 1466, 31 L.Ed.2d 741 (1972); *Huntington Towers, Ltd. v. Franklin National Bank,* 559 F.2d 863, 869–70 (2d Cir.1977), *cert. denied,* 434 U.S. 1012, 98 S.Ct. 726, 54 L.Ed.2d 756 (1978). Only Congress may waive the sovereign immunity of the United States, and the terms of such Congressional waivers of immunity define the jurisdiction of the court to entertain an action against the United States. *Dalehite v. United States,* 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *see United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).

Title 28 U.S.C. Section 2675 requires that claims against the United States must be

presented to the administrative agency involved prior to the commencement of suit in the United States District Court. If the agency sends the claimant a final denial of the claim, within six months after the date of mailing of the final denial to the claimant a lawsuit must be initiated. The Federal Tort Claims Act (FTCA), 28 U.S.C. Section 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing,* by certified or registered mail, *of notice of final denial of the claim by the agency to which it was presented.*

(Emphasis added).

■ Compliance with the statute of limitations under the FTCA is a jurisdictional prerequisite and noncompliance results in the claim being forever barred. *Blain v. United States,* 552 F.2d 289, 291 (9th Cir. 1977), *Garrett v. United States,* 640 F.2d 24, 26 (6th Cir.1981).

By letter of the USPS dated May 14, 1980, plaintiff was advised that her claim was finally denied and that according to statute, she had to file suit in the appropriate federal district court within six months of the date of such letter. However, the six month limitation period, 28 U.S.C. Section 2401(b) *supra,* may be tolled an additional six months according to the USPS regulations upon submission of a request for reconsideration by the claimant prior to initiation of suit and the expiration of the six month period. 39 C.F.R. Section 912.9(b). From the date of filing a request for reconsideration the Postal Service has six months to make a disposition of the claim, i.e., the six month limitation period begins to run only after six months from the date of the request for reconsideration.

■ In the instant action, no request for reconsideration was filed. Therefore, the six-month limitation period must be commenced from May 14, 1980, the date of the final denial. Accordingly, plaintiff only had until November 14, 1980 to commence the lawsuit. Since this action was commenced on June 25, 1981, it is clearly time barred. The USPS responded to the requests for an explanation of its denial and reiterated its position. The agency's "courtesy . . . in supplying subsequent oral and written explanation should not be held to erase, or vitiate, its previous 'final denial'." *Claremont Aircraft, Inc. v. United States,* 420 F.2d 896, 898 (9th Cir.1970). The requests for explanation do not rise to the level of a request for reconsideration of plaintiff's claim. No amended claim was ever filed nor was the agency actively considering the original claim after the initial denial. *See Woirhaye v. United States,* 609 F.2d 1303 (9th Cir.1979); *Claremont Aircraft, Inc. v. United States, supra.* Thus, plaintiff had only six months from the May 14, 1980 final denial to commence her action.

■ Moreover, even if plaintiff's May 23, 1980 letter is treated as a request for reconsideration, plaintiff's suit is still time barred. Plaintiff's complaint filed June 25, 1981 is outside of the six-month period following plaintiff's letter for administrative action, followed by the six month period in which to bring suit. This court cannot "undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government." *United States v. Kubrick, supra.* According to statute, Solomon could not wait indefinitely for some type of agency action. The regulations mandate only a six-month period for agency reconsideration and upon expiration of such period, plaintiff was bound to institute the present action within six months. Solomon's letter dated February 3, 1981 requesting an explanation of the denial did not have the effect of tolling the limitations period. The regulations specifically provide for only one such request for reconsideration.

The failure to comply with Congressional restrictions must result in the dismissal of plaintiff's complaint. Federal courts have consistently declined to rewrite the statute of limitations enacted by Congress even when this has led to harsh results. *Wollman v. Gross,* 637 F.2d 544 (8th Cir.1980); *Bailey v. United States,* 642 F.2d 344 (9th

Cir.1981). Federal courts are wary "to extend the waiver of immunity beyond that which Congress intended." *United States v. Kubrick, supra.*

The USPS is powerless to waive or extend the plaintiff's time to file suit. The USPS letter dated February 13, 1981, reiterating the agency's position denying plaintiff's claim and advising that plaintiff had six months from that date to file suit in federal district court does not change the result herein. In the case of *In re "Agent Orange" Product Liability Litigation,* 506 F.Supp. 757, 760 (E.D.N.Y.1980), it was held that even if the Department of the Navy was inclined to waive the statutory requirements, in the case of veterans who had been injured due to exposure to Agent Orange, it was powerless to do so. Judge Pratt, who was a United States District Judge for the Eastern District of New York at that time, reasoned in light of the "potential injustice" of the statutory requirement that the court must enforce the limitations Congress mandated when it waived its sovereign immunity. Resultingly, Solomon had six months from May 14, 1980 to file suit in the district court. Solomon failed to meet this jurisdictional prerequisite. Thus, this court lacks jurisdiction to entertain this suit.

Accordingly, defendants' motion is granted in its entirety and the complaint is dismissed.