[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13623
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 21, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00092-CV-5-RS-MD

HELEN JOHNSON,
as personal representative of the
Estate of Robert T. Johnson,

                                                      Plaintiff-Appellant,

                              versus

WALTER A. MCNEIL,
individually in his capacity as Secretary
of the Florida Department of Corrections,
JACK SAPP
individually in his capacity as Warden
of Jackson Correctional Institution,
CAROLYN MAJORS, RN
individually in her capacity as Senior Registered
Nurse Jackson Correctional Institution, et al.,

                                                      Defendants,

GALINA KATS-KAGAN
M.D. Chief Health Officer Jackson
Correctional Institution,
GREGORY YOUNG POYTHRESS,
ARNP individually in his capacity as Advanced

Registered Nurse Practitioner at Jackson
Correctional Institution,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 21, 2008)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Helen Johnson ("Johnson") brought suit against Defendants-Appellees as

the personal representative of her deceased son, Robert Johnson ("Robert"), a

prisoner at Jackson Correctional Institution.  Johnson alleges that Defendants-

Appellees were negligent in providing medical care to her son and that they

violated his Eighth Amendment rights through deliberate indifference to his

medical needs, resulting in his death.  The district court granted Defendants-

Appellees' motion to dismiss Johnson's negligence claim for failure to comply

with the pre-suit requirements of section 766.104 of the Florida Statutes.  The

district court granted summary judgment to Defendants-Appellees on the Eighth

Amendment claim, finding that they did not behave with deliberate indifference

towards Robert.  The district court also awarded attorney's fees against Johnson and her counsel on both claims.  This appeal followed.

## I.  FACTS

According to Johnson, Robert was involved in a fight with another inmate at Jackson Correctional Institution on February 22, 2004.[1]  The inmate hit Robert in the head, causing him to require stitches over his left eye the next day.  Two months later, on April 18, 2004, Johnson complained of headaches and dizziness.  A prison nurse evaluated Robert and advised him to rest in his dorm.  A few hours later, another nurse examined Robert and completed an abdominal pain assessment.  According to the nurse's report, Robert complained of nausea and vomiting, and a referral to a doctor was indicated.  The next day, the same nurse completed a second abdominal pain assessment, noting Robert's continued complaints of dizziness, weakness, nausea, and a single episode of vomiting.  Robert was placed in the infirmary for observation.

A few hours later, Defendant-Appellee Gregory Poythress, an advanced registered nurse practitioner, examined Robert.  Poythress documented Robert's

[1]Because this is an appeal from a grant of a motion to dismiss and a grant of summary judgment, we are required to view the facts in the light most favorable to the non-moving party. Doe v. Pryor, 344 F.3d 1282, 1284 (11th Cir. 2003); Gitlitz v. Compagnie Nationale Air France, 129 F.3d 554, 556 (11th Cir. 1997).  Thus, the facts recited here are presented in the light most favorable to Johnson.

complaints, which included abdominal pain, nausea, and four more episodes of vomiting. Poythress noted that Robert had presented with similar symptoms in the past. Poythress modified Robert's diet and released him from the infirmary with medication for gastritis.

Approximately one week later, on April 27, 2004, Robert complained again of headache, dizziness, vertigo, and nausea. He stated that the medication had not helped his symptoms. Poythress examined Robert and diagnosed him with tension headache and vertigo. Robert was given ibuprofen and information on vertigo.

On April 29, 2004, prison employees found Robert awake but unresponsive in his bunk. Robert was transferred to Jackson Hospital, where a CT scan revealed an intracerebral hematoma. Robert was then transported to South East Alabama Medical Center for surgery. A nurse at South East Alabama Medical Center called the prison to obtain Robert's medical history. Defendant-Appellee Galina Kats-Kagan, chief health officer at Jackson Correctional Institution, informed the nurse that Robert had been in a fight with another inmate in February 2004. Kats-Kagan also told the nurse that Robert had complained of headaches on April 28, 2004 and was transferred on that day to Marianna Hospital, where he was examined and released. This transfer is not recorded in any documentation, and Kats-Kagan denies making that statement. Despite his surgery on April 29, Robert

4

died as a result of the intracerebral hemorrhage on May 4, 2004.

The probate court appointed Johnson as Robert's personal representative in August 2004. Johnson promptly sought to obtain Robert's file from the Florida Department of Corrections. The Department of Corrections forwarded Robert's administrative records, but not his medical file. After several months of correspondence with the Department of Corrections, Johnson obtained her son's medical file in late December 2005. Upon learning from these records of Robert's treatment at South East Alabama Medical Center, Johnson requested the records from that hospital as well. The records were sent to a medical doctor and registered nurse for review. According to Johnson, she learned in March 2006 that the medical care provided to her son at Jackson Correctional Institution may have been negligent or worse, and may have proximately caused his death. Johnson filed suit on May 4, 2006.

Because the procedural history is relevant to the issues presented on appeal, we review it here. In her initial complaint, Johnson sued various officials and personnel at Jackson Correctional Institution for wrongful death and violation of Robert's Eighth Amendment rights. The district court dismissed the wrongful death claims without prejudice because Johnson and her counsel had failed to

5

comply with Florida's medical malpractice pre-suit requirements.[2] Johnson filed

an amended complaint, which reiterated the wrongful death claims but again failed

to comply with the pre-suit requirements. Defendants-Appellees filed a motion to

dismiss, arguing that the claim should be dismissed because Johnson failed to file

a certificate of counsel, failed to send a notice of intent to initiate litigation as

required by section 766.106(2)(a) of the Florida Statutes, and failed to comply

with the pre-suit investigation requirements of section 766.203(2) of the Florida

Statutes. The district court, unable to evaluate Defendants-Appellees' claims

because Johnson had not filed any response to the motion to dismiss, ordered

Johnson to respond to these arguments. In her response, Johnson conceded that

she had not complied with the pre-suit requirements of sections 766.106(2)(a) and

766.203(2). However, Johnson argued that because the statute of limitations had

not yet expired due to fraudulent concealment by the Department of Corrections,

she still had time to cure the deficiency. The district court held that Florida law

requires the dismissal of a medical malpractice claim when the claimant has not

---

[2]Florida law requires a claimant in a medical malpractice action to investigate the claim and obtain corroboration of its legitimacy from a medical expert. Fla. Stat, § 766.203(2) (2005). This corroboration and a notice of intent to sue must be sent to the defendant before filing suit. Id. Additionally, an attorney filing an action for medical malpractice must file a certificate of counsel with the complaint, certifying that the attorney has made a "reasonable investigation" of the claim and that there are grounds for a good faith belief that negligence occurred. Fla. Stat. § 766.104(1) (2005).

fulfilled the pre-suit requirements, and dismissed Johnson's claim.

Shortly thereafter, Johnson filed a second amended complaint, reiterating her claim for violations of Robert's Eighth Amendment rights and asserting a new state law claim for simple negligence. The district court granted Defendants-Appellees' motion to dismiss the new claim, holding that the claim was, in fact, a medical malpractice claim requiring fulfillment of the plaintiff's pre-suit obligations under Florida law. Finding that Johnson still had not complied with these requirements and that the applicable statute of limitations had expired, the court dismissed Johnson's negligence claim with prejudice. Johnson's Eighth Amendment claim proceeded to summary judgment, which was granted for Defendants-Appellees. Johnson now appeals these decisions.

## II.   DISCUSSION

### A.   Section 1983 Claim

Johnson alleges that Defendants-Appellees violated her son's Eighth Amendment rights through their deliberate indifference to his serious medical needs while incarcerated. The district court granted summary judgment to Defendants-Appellees on this claim. We review a grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party and applying the same legal standards as the district court. Gitlitz, 129 F.3d at

7

556.

As the Supreme Court has stated, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 182-83, 96 S. Ct. 2909 (1976)). However, "[t]he inadvertent or negligent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotations and citations omitted).

A plaintiff attempting to prove a claim of deliberate indifference must demonstrate both that there was an objectively serious medical need and that prison personnel were deliberately indifferent to that need. Id. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994) In either situation, the need must be "one that, if left unattended, 'poses a substantial risk of serious harm.'" Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal citations omitted). Deliberate indifference has three elements:

"(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). Deliberate indifference can occur where the prison official knows of the prisoner's medical need, but delays care unnecessarily or does not provide care at all. Farrow, 320 F.3d at 1246. Deliberate indifference can also occur where the care given is so cursory as to amount to no treatment at all. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11th Cir. 1985).

In this case, Johnson has demonstrated neither a condition that meets the legal definition of serious medical need nor prison personnel's deliberate indifference to Robert's medical needs. Robert's symptoms were consistent with his previous complaints and the medical conditions from which he suffered. Defendants-Appellees presented an affidavit from a medical expert giving his opinion that Robert's symptoms were consistent with his history of abdominal problems and diagnosis of hepatitis C. According to this affidavit, the prison personnel's treatment of Robert was reasonable. Johnson did not submit any affidavits in support of her contention that a jury could conclude that Robert's medical need was so obvious that even a layperson would perceive it. Johnson's failure to support her contentions with additional evidence in the form of affidavits not only severely undermines her claim, it is also contrary to Federal Rule of Civil

9

Procedure 56(e)(2), which requires a party to respond with affidavits of its own when a properly made motion for summary judgment includes affidavits.

Even if we were to assume arguendo that Johnson demonstrated a serious medical need, as the district court did, we must agree with the district court that Johnson cannot prove the Defendants-Appellees were deliberately indifferent. The prison personnel responded to Robert's complaints and provided medical care for him consistent with his medical history. Their responses to his condition, as attested to by Defendants-Appellees' expert and uncontroverted by Johnson, were reasonable and appropriate. Thus, Robert's treatment was not so cursory as to amount to no treatment at all.

Johnson urges us to find that this case is like Ancata, in which prison officials recommended an orthopedic or psychiatric evaluation for a prisoner, but took no steps to procure the evaluation. 769 F.2d at 702. Instead, the officials demanded that the prisoner obtain a court order to see a non-staff specialist and that he bear the costs of the evaluation, despite already being declared indigent. Id. The Ancata court found that these allegations were sufficient to survive defendants' motion to dismiss. Id. at 704. We find that the case before us is distinguishable from Ancata. In Ancata, the prisoner's symptoms were far more severe, including chills, insomnia, numbness, hyperventilation, and double vision.

10

Id. at 702. Prison officials noted that further medical evaluation was needed, and then proceeded to prevent the prisoner from obtaining it by requiring a court order. Id. In this case, Robert's symptoms were consistent with his past medical complaints. While prison personnel recommended referral to a doctor in Robert's chart, they did not prevent him from seeing a physician as the Ancata defendants did. Robert presented twice with symptoms that were consistent with his medical conditions, and even viewed in the light most favorable to Johnson, prison personnel responded appropriately. Furthermore, Johnson has presented no evidence to demonstrate that a physician would have diagnosed Robert's head injury based on his symptoms. We cannot conclude that Defendants-Appellees were deliberately indifferent to Robert's medical needs.

Finally, to the extent that Johnson alleges Defendants-Appellees were negligent in misdiagnosing or failing to perceive Robert's head injury, this claim cannot be sustained under the Eighth Amendment. Negligence in providing medical care is not a constitutional violation. Farrow, 320 F.3d at 1243. We affirm the district court's grant of summary judgment to Defendants-Appellees on this count.

B. Florida Wrongful Death Claim

Florida law requires that before filing any claim for personal injury or

wrongful death arising from medical malpractice, the claimant conduct an investigation of the claim and send the defendant(s) a notice of intent to sue, along with a corroborating opinion by a medical expert. Fla. Stat. § 766.203(2) (2005). Attorneys must file with the claim a certificate of counsel, verifying that they have conducted a reasonable investigation and that there is a basis for a good faith belief that medical negligence occurred. Fla. Stat. § 766.104 (2005). The Florida Supreme Court has made clear that these requirements are prerequisites to suit, but not jurisdictional. Kukral v. Mekras, 679. So. 2d 278, 283 (Fla. 1996). Therefore, while Florida law mandates the dismissal of a claim that was filed before these prerequisites were met, Fla. Stat. § 766.206(2) (2005), the claimant may cure the default and proceed with the suit as along as the pre-suit requirements are fulfilled within the applicable statute of limitations. Kukral, 679 So. 2d at 283.

We review the grant of a motion to dismiss de novo, accepting the factual allegations in the complaint as true. Doe, 344 F.3d at 1284. Here, in dismissing the negligence count of Johnson's second amended complaint, the district court held that the statute of limitations had already expired. Thus, Johnson could not cure her failure to comply with Florida's pre-suit requirements. The district court entered a dismissal without leave to amend and with prejudice.

Florida law mandates the dismissal of a claim for medical malpractice when

the pre-suit requirements have not been fulfilled.  Fla. Stat. § 766.206(2) (2005).

Therefore, we affirm the district court's dismissal of Johnson's state law claim.[3]

C.        Attorney's Fees Award

Johnson challenges the district court's award of attorney's fees under 28

U.S.C. § 1988.[4]  We review an award of attorney's fees for abuse of discretion.

Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000).  An abuse of

discretion occurs if a district court fails to apply the proper legal standard or to

follow proper procedures in making the determination, or makes findings of fact

that are clearly erroneous.  Ass'n of Disabled Ams. v. Neptune Designs, Inc., 469

---

[3]If there were still time within the statute of limitations for Johnson to salvage her state law claim by complying with the pre-suit requirements and amending her complaint, it might be appropriate to modify the district court's dismissal of that claim to a dismissal without prejudice. Johnson argues that the statute of limitations should be tolled because Defendants-Appellees engaged in fraudulent concealment of Robert's medical records.  We find no support in the record for this contention.  See Berisford v. Jack Eckerd Corp., 667 So.2d 809, 811 (Fla. Dist. Ct. App. 1995) ("In order to establish fraudulent concealment sufficient to toll the statute, the plaintiff must show 'both successful concealment of the cause of action and fraudulent means to achieve that concealment.'").  As Johnson presents no other basis for tolling the statute of limitations, we can find no error in the district court's dismissal of the state law claim with prejudice based on the expiration of the statute of limitations.

[4]The heading in Johnson's brief also mentions the district court's award of attorney's fees against Johnson's counsel on the Florida wrongful death count.  However, this award is not substantively challenged anywhere in Johnson's brief.  This Circuit has consistently held that issues not raised on appeal are abandoned.  E.g., Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).  An issue raised in the statement of issues but not addressed in the brief is abandoned by the party.  Id.  We therefore treat the issue of attorney's fees awarded under Florida state law as abandoned in this case.  Moreover, the repeated failure to comply with the pre-suit requirements is simply inexplicable.

13

F.3d 1357, 1359 (11th Cir. 2006).

In this case, we cannot find that the district court abused its discretion in awarding attorney's fees to Defendants-Appellees under 42 U.S.C. § 1988. Under § 1988, the court has discretion to award the prevailing party in a § 1983 action reasonable attorney's fees. A prevailing defendant may receive an attorney's fees award only if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Hensley v. Eckerhart, 461 U.S. 424, 429 n.2, 103 S. Ct. 1933, 1937 (1983). Here, the district court found that Johnson's failure to support her contentions with evidence from a medical expert rendered the claim frivolous. In the face of Defendants-Appellees' affidavit from a medical expert, Johnson chose to rest on the allegations and denials in her pleadings. This is contrary to Federal Rule of Civil Procedure 56(e), which requires a party opposing summary judgment to submit affidavits when the moving party has done so. When the plaintiff does not introduce any evidence to support his or her claim, a finding of frivolity is appropriate. See Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985); Beard v. Annis, 730 F.2d 741, 744-45 (11th Cir. 1984). Although the finding of frivolity in this case stems from the apparent unfamiliarity of Johnson's counsel with Federal Rule of Civil Procedure 56(e), "the perception that counsel was primarily at fault in filing

14

or maintaining a frivolous, groundless, or unreasonable claim should play no role in the decision whether to assess attorney's fees against the plaintiff." <u>Durrett v. Jenkins Brickyard, Inc.</u>, 678 F.2d 911, 916 (11th Cir. 1982). The district court's award of attorney's fees is affirmed.

Accordingly, the judgment of the district court is

AFFIRMED.