**Charles LEWIS, Plaintiff,**

v.

**WOMACK ARMY MEDICAL CENTER, Fort Bragg, N.C., United States of America, Defendant.**

**Case No. 4:11cv205–RH/CAS.**

United States District Court,
N.D. Florida,
Tallahassee Division.

Aug. 20, 2012.

Charles A. Lewis, Tallahassee, FL, pro se.

Pamela A. Moine, U.S. Attorney, Pensacola FL, for Defendant.

## ORDER REQUIRING THE PLAINTIFF TO DEMONSTRATE COMPLIANCE WITH THE NORTH CAROLINA PRESUIT REQUIREMENT

ROBERT L. HINKLE, District Judge.

This case presents the issue whether North Carolina Rule of Civil Procedure 9(j), which sets out presuit conditions and pleading requirements for North Carolina medical-negligence claims, applies in a Federal Tort Claims Act case, and if so, the procedure for enforcing the rule's requirements. This order holds applicable the rule's presuit conditions, but not its pleading requirements. The order gives the plaintiff one last chance to demonstrate compliance.

I

The FTCA allows recovery from the government "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The plaintiff Charles Lewis alleges he was injured by medical negligence at Fort Bragg in North Carolina.

As required by the FTCA, *see* 28 U.S.C. § 2675, Mr. Lewis submitted the claim to the Department of the Army, which denied the claim. Mr. Lewis then filed this lawsuit.

The government has moved to dismiss under North Carolina Rule of Civil Procedure 9(j):

> Medical malpractice.—Any complaint alleging medical malpractice by a health care provider ... in failing to comply with the applicable standard of care ... shall be dismissed unless:
>
> (1) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
>
> (2) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
>
> (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. Gen.Stat. § 1A–1, Rule 9(j).

## II

Cases can be cited on both sides of the question whether provisions like Rule 9(j) apply in federal cases governed by state substantive law and more specifically in FTCA cases. This order makes no effort to collect the many cases. North Carolina district courts, apparently without exception, have applied the rule. *See, e.g., Hannah v. United States,* No. 5:09–CT–3135–BO, 2011 WL 744148 (E.D.N.C. Feb. 23, 2011); *Alfaro v. United States,* 5:09–CT–3073–D, 2011 WL 561320, *4–5 (E.D.N.C. Feb. 8, 2011); *Owens v. United States,* 5:09–CT–3167–FL, 2010 WL 5478527, *2 (E.D.N.C. Dec. 28, 2010); *Hill v. United States,* No. 5:08–CT–3070–D, 2010 WL 3075495 (E.D.N.C. Aug. 5, 2010). The Fourth Circuit apparently has not addressed the issue.

The closest published Eleventh Circuit decision specifically reserves the issue of whether an analogous Georgia medical-negligence presuit requirement applies in federal court. *See Brown v. Nichols,* 8 F.3d 770 (11th Cir.1993). A later published decision provides some support for treating the same Georgia requirement as *inapplicable* in federal court by labeling it "procedural," though in a different context. *See Alba v. Montford,* 517 F.3d 1249, 1255 (11th Cir.2008). But two unpublished decisions *apply* analogous state requirements without even addressing the issue. *See Gross v. White,* 340 Fed.Appx. 527, 532–33 (11th Cir.2009); *Johnson v. McNeil,* 278 Fed.Appx. 866 (11th Cir.2008).

The weight of authority among district courts in the Eleventh Circuit is that such state presuit requirements do *not* apply in federal court. *See Yarbrough v. Actavis Totowa, LLC,* No. 4:10–cv–129, 2010 WL 3604674, at *7 (S.D.Ga. Sept. 13, 2010); *Robinson v. Corr. Med. Assocs., Inc.,* No. 1:09–cv–01509–JOF, 2010 WL 2499994, at *4 (N.D.Ga. June 15, 2010); *Botes v. Weintraub,* CIVA108CV01341–CAM, 2010 WL 966864 (N.D.Ga. Mar. 12, 2010), *aff'd,* 463 Fed.Appx. 879 (11th Cir.2012); *Denton v.*

*United States,* No. 1:04–CV–3285–, 2006 WL 358273 (N.D.Ga. Feb. 15, 2006); *Roberts v. Jones,* 390 F.Supp.2d 1333, 1337 (M.D.Ga.2005); *Baird v. Celis,* 41 F.Supp.2d 1358, 1360 (N.D.Ga.1999); *Braddock v. Orlando Reg. Health Care Sys., Inc.,* 881 F.Supp. 580, 584 (M.D.Fla. 1995). But there is at least one contrary decision. *See Clark v. Sarasota Cnty. Public Hosp.,* 65 F.Supp.2d 1308, 1313–14 (M.D.Fla.1998).

In short, the law on this is unsettled.

## III

[1] The rules of procedure that apply in federal cases—even those in which the controlling substantive law is that of a state—are the Federal Rules of Civil Procedure. *See, e.g., Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010); *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Cohen v. Office Depot, Inc.,* 184 F.3d 1292, 1295–99 (11th Cir.1999). North Carolina Rule 9(j) sets out pleading requirements that conflict with Federal Rules of Civil Procedure 8(a)(2), under which a federal complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and 9(c), under which in pleading conditions precedent, it "suffices to allege generally that all conditions precedent have occurred or been performed." As *Shady Grove* and *Hanna* make clear, such a conflict is properly resolved in favor of the federal rule. North Carolina Rule 9(j) thus does not control the question of what a federal complaint must allege to state a claim on which relief can be granted.

[2] But Rule 9(j) does have a proper role in federal cases like this. The rule sets out a condition a plaintiff must meet before filing a claim of medical-negligence under North Carolina law, unless the claim is based on *res ipsa loquitur.* The plaintiff must submit the claim for review by an expert—that is, by a person the plaintiff expects to qualify, or whom the plaintiff will seek to have qualified, as an expert—and the expert must be willing to testify that there was a breach of the applicable standard of care. *See* N.C. Gen.Stat. § 1A–1, Rule 9(j)(1)-(2). This is a presuit condition similar in kind to a requirement to exhaust administrative remedies.

An inmate may be required to pursue a grievance before filing a lawsuit challenging prison conditions, an employee may be required to assert an administrative charge and to attempt conciliation before filing a lawsuit alleging discrimination, and in North Carolina, a patient must submit a medical-negligence claim for review by an expert before filing a lawsuit asserting the claim. That the North Carolina rule requires submission of a claim to a private actor—an expert of the plaintiff's choice—rather than to a governmental entity does not make the requirement any less binding. And it does not make the requirement any less applicable in federal court.

So the proper analysis is this. Before filing an FTCA lawsuit based on medical negligence in North Carolina, a plaintiff must submit the claim to an expert willing to testify that there was a breach of the applicable standard of care, as set out in North Carolina Rule of Civil Procedure 9(j). But the plaintiff need not specifically allege in the complaint that the plaintiff has complied with this requirement; the complaint need only meet the requirements of Federal Rule of Civil Procedure 8(a)(2) and—even if the condition precedent need be pled at all—Federal Rule of Civil Procedure 9(c).

[3] If a plaintiff fails to submit a claim to an expert willing to testify as required, the complaint may be dismissed on a motion that, like a motion to dismiss for failure to exhaust administrative remedies,

is treated in this circuit as a motion in abatement. *See, e.g., Bryant v. Rich,* 530 F.3d 1368, 1374–75 (11th Cir.2008) (*quoting Ritza v. Int'l Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 368–69 (9th Cir.1988)). A court may consider evidence in ruling on such a motion. *See Tillery v. U.S. Dep't of Homeland Sec.,* 402 Fed.Appx. 421, 425 (11th Cir.2010).

### IV

The plaintiff has had ample opportunity to respond to the government's motion to dismiss. He has not done so. The case is now before the court on the magistrate judge's report and recommendation, ECF No. 16, which concludes that the case should be dismissed. The plaintiff has filed no objections, and the deadline for doing so has long passed. The case could properly be dismissed at this time.

Still, the government's motion casts the issue as whether the complaint states a claim on which relief can be granted, not as whether the complaint should be dismissed for failure in fact to meet the North Carolina Rule 9(j) presuit requirement. The claim fails to state a *res ipsa* claim on which relief can be granted, because it does not allege sufficient facts supporting such a claim. *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (setting out the standard that governs a motion to dismiss for failure to state a claim). But the complaint adequately alleges a medical-negligence claim on which relief can be granted—and even if it did not, leave to amend would be granted so that Mr. Lewis could cure any deficiency—so long as Mr. Lewis in fact complied with the presuit requirement to submit the claim to an expert willing to testify in support. That issue can properly be resolved not on a motion to dismiss for failure to state a claim but on a motion to dismiss that tracks the more familiar motion to dismiss for failure to exhaust administrative remedies. This order clarifies the procedural posture and gives Mr. Lewis one last chance to respond.

### V

For these reasons,

IT IS ORDERED:

The government's motion to dismiss for failure to state a claim on which relief can be granted, ECF No. 13, is GRANTED to the extent, if any, that Mr. Lewis asserts a *res ipsa* claim. In all other respects the motion is deemed a motion to dismiss for failing to comply with the Rule 9(j) presuit requirement to submit the claim to an expert willing to testify that Mr. Lewis's medical care did not comply with the applicable standard of care. By September 20, 2012, Mr. Lewis may file a response to the motion, including a declaration or other evidence showing compliance with Rule 9(j). If Mr. Lewis fails to do so, the case will be dismissed.