[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10367
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-02237-JSM-AAS


GEORGE BELLO,

                                        Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,

                                        Defendant - Appellee.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 6, 2018)

Before TJOFLAT, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

George Bello appeals the district court's order dismissing as time-barred his medical malpractice claim against the United States, filed pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1671–80.  After careful review and consideration of the record and parties' briefs, we affirm.

## I

In August of 2014, Mr. Bello was diagnosed with squamous cell cancer of his left eye at the James A. Haley Veterans Hospital ("Haley") in Tampa, Florida. In November of 2014, Haley physicians commenced a course of chemotherapy eye drops and, approximately seven months later, informed Mr. Bello that his eye was free of cancer.  Upon completion of the chemotherapy treatment, however, Mr. Bello complained to his caregivers that his left upper eyelid was drooping, a condition termed ptosis.  At the time, Haley caregivers did not investigate or diagnose a cause for this ailment, which persisted for several months.

Unfortunately, in December of 2015, Mr. Bello's physicians determined that his cancer had progressed to a degree that it was necessary to remove his left eye and the surrounding structures.  In March of 2016, Mr. Bello underwent surgery for enucleation and/or exteneration—complete removal—of his left eye, eyelid, and orbit.  During a May 12, 2016 meeting with Mr. Bello, Haley physicians confirmed that he would have most likely kept his eye had the cancer been detected sooner.

2

On or around August 26, 2016, Mr. Bello mailed to the Department of Veterans Affairs ("VA") Veterans Health Administration at Haley Medical Center an undated Standard Form 95—an administrative claim for damage, injury, or death under the Federal Tort Claims Act ("FTCA")—along with the progress notes prepared by Haley physicians from their May 12 meeting with Mr. Bello.  On March 16, 2017, after settlement discussions failed, the VA Office of Chief Counsel in Saint Petersburg, Florida, sent a letter denying Mr. Bello's administrative claim.

The March 16 denial letter included detailed instructions for seeking administrative reconsideration of his denied claim.  It explained that, to be timely filed, such requests must be received by the VA General Counsel in Washington, D.C., within six months of the denial letter date and may be submitted by mail, fax, or email.  It further explained that seeking reconsideration was not necessary, and that Mr. Bello could instead elect to file his lawsuit in an appropriate district court, subject to the six-month limitations period commencing on the date of the denial letter.

Mr. Bello did not seek administrative reconsideration of his claim from the VA.  Instead, he hired an attorney who retained a private ophthalmological expert, Tamara R. Fountain, M.D., to evaluate Mr. Bello's medical records.  On June 2, 2017, Mr. Bello mailed a presuit notice of intent to file a lawsuit, pursuant to

3

Florida Statute § 766.010, to the VA Office of General Counsel in Saint Petersburg. As required by Florida law governing medical malpractice lawsuits, the notice included an affidavit from Dr. Fountain expressing her opinion that Haley physicians were negligent in the care and treatment of Mr. Bello's eye by failing to diagnose and treat his left eye ptosis following chemotherapy.

On September 27, 2017, Mr. Bello filed his FTCA lawsuit in the Middle District of Florida. Mr. Bello's complaint alleged that, had Haley physicians properly diagnosed, monitored, and treated the ptosis of his left eye, they would have discovered the return of his cancer earlier and likely avoided the need for surgery. Along with the financial and physical challenges attendant to losing one of his eyes, Mr. Bello claims to have endured significant mental and emotional distress, trauma, and lost enjoyment of his life.

The United States filed a motion to dismiss for failure to state a claim—specifically, that Mr. Bello did not file his complaint within the six-month limitations period following the VA's denial of his administrative claim on March 16, 2017. The district court granted the United States' motion to dismiss. In his appeal, Mr. Bello argues—as he did in the district court—that the complaint was timely filed because the presuit notice of intent to sue was functionally equivalent to a request for reconsideration, and, alternatively, that he is entitled to equitable tolling of the statute of limitations.

4

## II

We review a district court's dismissal for failure to state a claim under Rule 12(b)(6) de novo, "accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). We review the district court's factual findings for clear error. *Bryant v. Rich*, 530 F.3d 1368, 1377 (11th Cir. 2008). Whether equitable tolling applies is a legal question also subject to de novo review. *Lawrence v. Florida*, 412 F.3d 1221, 1224 (11th Cir. 2005).

A tort claim under the FTCA is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). A tort claim under the FTCA accrues "when the plaintiff knows of both the injury and its cause." *United States v. Kubrick*, 444 U.S. 111 (1979). A claim is deemed presented when the appropriate agency receives from the claimant a Standard Form 95 or other written notification of the alleged tortious incident. *See* 28 C.F.R. § 14.2(a). *See also Burchfield v. United States*, 168 F.3d 1252, 1254–55 (11th Cir. 1999).

Upon an agency's denial of a claim, the claimant has six months to request reconsideration. *See* 28 U.S.C. § 2401(b); 28 C.F.R. § 14.9(b). Upon receiving a

5

request for reconsideration, the agency has six months to make a final disposition of the claim. A plaintiff then has another six months from the date of final disposition to file a complaint in the appropriate district court. *See* 28 C.F.R. § 14.9(b). Alternatively, a claimant may forgo a request for reconsideration and file a complaint in district court, subject to the six-month limitations period, which commences on the date of the initial agency denial.

There is no dispute that Mr. Bello timely presented his claim to the VA within the two-year limitations period from the time his medical malpractice claim accrued. And both parties generally agree that Mr. Bello was bound by the six-month limitations period following the VA's denial of his claim on March 16, 2017, and that his complaint was due on or before September 16, 2017. Mr. Bello argues, however, that the presuit notice of intent to file a lawsuit that he mailed to the VA Office of General Counsel in Saint Petersburg—received June 5, 2017— was tantamount to a request for reconsideration, thus initiating a six-month time frame for the VA to issue a final disposition of the claim. From the end of that limitations period, or from the date of the VA's final disposition of the request for reconsideration, whichever occurred first, Mr. Bello would have then had another six months to file his complaint.

Mr. Bello's contention that we must interpret the presuit notice of intent to sue pursuant to Florida Statute § 766.010[1] as a request for reconsideration pursuant to the FTCA finds no support in the law—indeed, Mr. Bello points to none. Courts presented with similar questions have generally refused to recast post-denial correspondence to or from an agency as requests for, or indications of, the reconsideration of administrative claims. *See, e.g., Claremont Aircraft, Inc. v. United States*, 420 F.2d 896, 898 (9th Cir. 1969) ("[T]he courtesy of the Air Force in supplying subsequent oral and written explanation should not be held to erase, or vitiate, its previous 'final denial.'"); *Solomon v. United States*, 566 F. Supp. 1033, 1035 (E.D.N.Y. 1982) (declining to construe letters sent to U.S. Postal Service seeking explanation of final denial as requests for reconsideration).

Moreover, the undisputed facts, as presented by Mr. Bello, belie his claim that the presuit notice was "tantamount to a request for reconsideration." First, the March 16 denial letter from the VA contained express instructions for requesting reconsideration, which required mailing, faxing, or emailing the request to the VA

---

[1] The parties disagree as to whether Florida's medical malpractice presuit procedural requirements apply to medical malpractice claims under the FTCA. Eleventh Circuit law is not settled on this issue. *See, e.g., Lewis v. Womack Army Med. Ctr.*, 886 F. Supp. 2d 1304, 1306–07 (N.D. Fla. 2012) (discussing the split of authority and dismissing an FTCA claim for failure to comply with North Carolina's medical malpractice presuit procedural requirements). Mr. Bello contends that the VA "must similarly comply with the substantive laws of the State of Florida and comply with the presuit process," but offers no explanation of what that compliance would entail or how it should influence our analysis in this case. Because Mr. Bello did not present a complete argument or discussion on this issue, and because it is not necessary to resolve this dispute, we do not address whether a medical malpractice claim under the FTCA is subject to Florida's medical malpractice presuit procedural requirements.

7

General Counsel in Washington, D.C.  Yet Mr. Bello's presuit notice was mailed to the VA Office of Chief Counsel in Saint Petersburg, Florida.  Second, Mr. Bello's presuit notice contained no language to suggest that it was meant to serve as a request for reconsideration—it does not reference Mr. Bello's administrative FTCA claim or the March 16 letter from the VA denying that claim.  Third, Mr. Bello concedes that he understood the limitations period to close on September 16, 2017, six months after the March 16 letter, and prepared the complaint to be filed on September 12.  But if Mr. Bello considered his presuit notice (received by the VA on June 5, 2017) a request for reconsideration, he would have also believed that it triggered a new six-month limitations period ending December 2, 2017.  Mr. Bello does not explain his decision to file the complaint almost two months before that purported limitations period closed, having received no final disposition from the VA.  Drawing all inferences in Mr. Bello's favor, these facts do not support a finding that he intended his presuit notice to function as a request for reconsideration, or that the VA had any reason to construe it as one.

On this record, we decline to reframe Mr. Bello's presuit notice of intent to file a lawsuit as a request for the VA to reconsider the denial of his administrative claim.  Thus, the applicable limitations period under 28 U.S.C. § 2401(b) and 28 C.F.R. § 14.9(b) concluded six months after the VA's March 16, 2017 denial of Mr. Bello's administrative claim.  That limitations period ended on September 16,

8

2017, and Mr. Bello's complaint was not filed until September 27.  The claim is therefore time-barred.

## III

We next consider whether Mr. Bello is entitled to equitable tolling.  Mr. Bello argues that extraordinary circumstances—specifically, Hurricane Irma and the illness and death of the mother of his attorney's legal assistant—prevented timely filing of the complaint.  We conclude that these events, while unfortunate and ill-timed, do not warrant the application of equitable tolling.

Time limitations under the FTCA are non-jurisdictional and thus subject to equitable tolling.  *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1633 (2015).  Equitable tolling, however, is an "extraordinary remedy which should be extended only sparingly."  *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (citations removed).  It is proper only where a plaintiff can show that he untimely filed because of "extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 846 (11th Cir. 2013).  Standing alone, attorney negligence—even egregious negligence—is not an extraordinary circumstance that justifies equitable tolling.  *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007).  Attorney professional misconduct so severe that a client is "essentially abandoned," however, may

9

constitute extraordinary circumstances warranting equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 653 (2010); *Maples v. Thomas*, 565 U.S. 266, 281–83 (2012).

Mr. Bello argues that two separate events prevented him from timely filing his complaint. We address each one separately.

Mr. Bello first suggests that he was impeded by the arrival of Hurricane Irma to the Tampa area, which caused court closures and electrical outages from September 8 to September 11, 2017. But Mr. Bello does not explain how this interfered with his ability to file the complaint over the next several days, when the courts were open and electricity was (presumably) restored. Nor does Mr. Bello square this with his assertion that the complaint was completed and delivered to his attorney's legal assistant on September 12 to be filed before September 16. By Mr. Bello's own admission, the hurricane did not cause his inability to timely file and cannot justify equitable tolling in this case. *See Motta*, 717 F.3d at 846–47.

Mr. Bello also raises the illness, hospitalization, and September 17 death of the mother of his attorney's legal assistant. Though unfortunate, we do not find that this was an extraordinary circumstance beyond Mr. Bello's control and unavoidable with diligence. In her affidavit, the legal assistant explains that her mother was first hospitalized on August 27, 2017, and later transferred to a rehabilitation facility. She also confirms that she received the complaint from Mr.

Bello's attorney via email on September 12 with instructions to file it, which she did not do. When Mr. Bello's counsel learned ten days after the limitations period ended that the complaint had not been filed, he immediately arranged for another legal assistant to hand deliver it to the clerk's office on September 27.

Given the long duration of the legal assistant's mother's hospitalization, the fact that the complaint was ready to be filed four days before the limitations period closed, and the ability of Mr. Bello's counsel to quickly coordinate coverage in the legal assistant's absence, there appears to have been some negligence on the attorney's part in failing to account for these circumstances in order to meet the filing deadline. Such "garden variety" negligence does not, however, rise to a level warranting equitable tolling. *Holland*, 560 U.S. at 652; *Motta*, 717 F.3d at 846–47. We also agree with the district court that the failure to ascertain whether the complaint was timely filed before the limitations period expired—and for several days thereafter—does not indicate a diligent pursuit of rights necessary for a court to apply equitable tolling.

## IV

We affirm the district court's order granting the United States' motion to dismiss Mr. Bello's complaint as time-barred.

**AFFIRMED.**

11